UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GREGORY R. CARTER,

    Petitioner,

v.                                                     CASE NO. 6:06-cv-1116-Orl-19JGG

JACK PARKER, et al.,

    Respondents.

## **ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 5). Petitioner filed a reply to the response (Doc. No. 11).

*Procedural History*

Petitioner was charged by information with two counts of sexual activity on a child by a person in familial or custodial authority (counts one and two); one count of forcing or enticing a child to commit a lewd, lascivious, or indecent act (count three); one count of soliciting lewd or lascivious conduct (count four); and one count of lewd, lascivious, or indecent act upon a child (count five). Pursuant to a written plea agreement, Petitioner pled nolo contendere to counts one, two, three, and five. In accordance with the plea agreement, he was sentenced on May 8, 2002, to concurrent fifteen-year terms of probation,

with the first two years to be served as community control. Petitioner did not appeal his convictions or sentences.

On May 9, 2003, a violation of community control was filed against Petitioner. After conducting a hearing, the trial court concluded that Petitioner had violated several conditions of his community control. He was then sentenced to twenty-six year terms of imprisonment on counts one and two and fifteen year terms as to counts three and five, with all sentences to run concurrent. Petitioner filed an appeal raising two sentencing claims. The Florida Fifth District Court of Appeal reversed Petitioner's sentences on counts one and two, and remanded the case for resentencing. *Carter v. State*, 920 So. 2d 735 (Fla. 5th DCA 2006). Mandate was issued on March 1, 2006, and resentencing was scheduled for November 21, 2006.[1]

On June 21, 2006,[2] Petitioner filed a state petition for belated appeal of his violation of community control alleging ineffective assistance of appellate counsel. The appellate court denied the petition on September 15, 2006.

*Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

---

[1] The parties have failed to advise the Court of the results of the resentencing.

[2] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

Pursuant to § 2244(d)(1)(A), Petitioner had one year, absent any tolling, from the date his convictions became final to file his federal habeas corpus petition. Petitioner's state court judgments are dated May 8, 2002. He then had thirty days to file a direct appeal. *See* Fla. R. App. P. 9.140(b)(3). Since Petitioner did not file a direct appeal, his convictions became final on June 7, 2002, thirty days after the written sentences were

rendered. Thus, he had through June 9, 2003,[3] absent any tolling, to file his § 2254 petition. However, the instant proceeding was not filed until July 25, 2006, under the mailbox rule. Since the one year period of limitation ran on June 9, 2003, the instant habeas petition was not timely filed and must be denied.[4]

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this __8th___ day of January, 2007.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] June 7, 2003, fell on a Saturday; therefore, the deadline was extended through the next business day, June 9, 2003.

[4] Petitioner raises two claims in his petition: first, that his plea to the original criminal offenses was involuntary due to incompetency and, second, that he was insane at the time of the offenses. He has not raised any challenge to his violation of community control or his resentencing. Therefore, the one year period runs from the date the original convictions became final, rather than the date the violation of community control or resentencing became final. *See Rainey v. Sec'y for the Dep't of Corr.*, 443 F.3d 1323, 1328 (11th Cir. 2006) (holding that "the latest possible triggering date for a petition challenging only the original judgment of conviction is the date on which that judgment became final").

Copies to:
sa 1/8
Gregory R. Carter
Counsel of Record